IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


JEANINE WALTON, ET AL.,                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 2:04CV183-WAP-SAA

TUNICA COUNTY SCHOOL DISTRICT, ET AL.,                           DEFENDANTS


## <u>ORDER</u>


Before the court is defendants' motion to sever plaintiffs' claims or, alternatively, to order

separate trials of the defendants in the above-styled case.  The plaintiffs in this matter are Jeanine

Walton, Kay McLellan, Emma Lum and Virginia Lynn Ryals, all of whom were employees of

the Tunica County School District when the events giving rise to this suit occurred.  Named as

defendants are the Tunica County School District, current school board members Larry Braziel,

Curtistine Jones and Joe Anderson, and former school board member Clara Johnson.  Each of the

plaintiffs claims she was the victim of race discrimination in violation of 42 U.S.C. § 1981 and

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., in addition to malicious

interference with employment relations in violation of Mississippi state law.  Plaintiffs Lum and

McLellan also state claims pursuant to the Mississippi School Employment Procedures Act, MISS

CODE ANN. § 37-9-101, *et seq.*

Defendants first argue that the plaintiffs are misjoined under FED. R. CIV. P. 20(a), and,

even if the claims were properly joined, they should be severed pursuant to FED. R. CIV. P. 21.

Rule 20 allows permissive joinder of plaintiffs "if they assert any right to relief jointly, severally,

or in the alternative in respect of or arising out of the same transaction, occurrence, or series of

transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."  Defendants aver these plaintiffs do not meet the first prong of the test for joinder of claims, namely that they assert a right to relief arising out of the same transaction, occurrence or series of transactions or occurrences.

In their amended complaint the plaintiffs assert claims against all five defendants for race discrimination in violation of  Title VII and 42 U.S.C. § 1981.[1]  Title VII provides, in part, that it shall be unlawful for any employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e(a)(1).  The Fifth Circuit has recognized that there are dual mechanisms by which a plaintiff may establish employment discrimination: (1) direct evidence of discrimination, or (2) indirect evidence *via* the method of proof as delineated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny.  *Rachid v. Jack in the Box, Inc*., 376 F.3d 305, 309 (5th Cir. 2004) (announcing "modified *McDonnell Douglas* approach" in ADEA cases).  The elements of proof for plaintiffs' § 1981 claims are the same as those under Title VII.  *Walker v. Uncle Bens, Inc.*, No. CIV.A. 4:97CV65-D-B, 1998 WL 173228, at *3 (N.D. Miss. March 30, 1998) (quoting  *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir.1994) ("To establish a claim under § 1981, a plaintiff must allege facts in support of

---

[1]Although the amended complaint does not expressly state that plaintiff Ryals is asserting a § 1981 claim, the defendants appear to assume that Ryals wishes to state such a claim along with the other three plaintiffs, and the defendants have not raised any failure on Ryals' part to cite § 1981 in her complaint as a separate ground for the relief requested in the instant motion. The court anticipates that counsel will address this possible anomaly in the pleadings sometime during the course of this litigation.

the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute")); *Aldridge v. Tougaloo College*, 847 F. Supp. 480, 487 (S.D. Miss. 1994).

Each plaintiff also alleges a claim under Mississippi state law for malicious interference with contractual relations, which requires each plaintiff to prove a non-party to their employment contracts induced breach of said contracts. *See Cenac v. Murry*, 609 So. 2d 1257, 1268 (Miss. 1992). Mississippi recognizes "[a]n action for interference with the contract ordinarily lies when 'a party maliciously interferes with a valid and enforceable contract . . . causing one party not to perform and resulting in injury to the other contracting party.'" *Nichols v. Tri-State Brick and Tile Co.*, 608 So. 2d 324, 328 (Miss. 1992) (quoting *Mid-Continent Tel. Corp. v. Home Tel. Co.*, 319 F. Supp. 1176, 1199 (N.D. Miss. 1970)). In addition, plaintiffs McLellan and Lum assert claims under the Mississippi Education Employment Procedures Law, MISS CODE ANN. § 37-9-101 to -113, which requires that they demonstrate they qualified as employees under the Act, and the statutory requirements for notice of non-renewal were not met. *See Burks v. Amite County Sch. Dist.*, 708 So2d. 1366, 1369 (Miss. 1998) ("'Employee' is defined as 'any teacher, principal, superintendent elected by the Board of Trustees, and other professional personnel employed by any public school district and required to have a valid certificate issued by the state department of education as a prerequisite to employment'"); *see also Vance v. North Panola Sch. Dist.*, 31 F. Supp. 2d 545, 548 (N.D. Miss. 1998) ("the School Employment Procedures Law confers rights only upon a certain class of educators . . . .").

The undersigned concludes that sufficient evidence exists that these claims arose from a

common series of occurrences or transactions to deny the motion to sever for misjoinder.

Defendants' brief cites a number of cases, including *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993), for the proposition that a series of transactions is "common" if the transactions share a "logical relationship," *i.e.*, "some [common] nucleus of operative facts or law . . . ." Just because plaintiffs' claims share a similar legal theory is not sufficient for joinder if the events giving rise to the claims were not themselves logically related. However, the occurrences in this case were related. All the plaintiffs were administrative employees of the Tunica County School District. The school superintendent recommended that the contracts of each of these administrative employees be renewed, but the School Board, whose members were all African-American, opted not to renew the contracts of these four plaintiffs, three Caucasians and one of Asian descent. The decisions were reached during the course of the same board meetings, and the individual defendants all voted against the plaintiffs, with the exception of Anderson who abstained from voting in Walton's case and voted in favor of re-hiring Lum and Ryals. (MOT. TO SEVER Exs. A-C.) The leading authority on federal civil procedure explains that the provision of Rule 21 allowing the severance of claims

> must be read in conjunction with (1) Rule 18, which provides the parties with great freedom in the joinder of claims, (2) Rule 42(b), which authorizes the separate trial of any claim . . . "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," and (3) Rule 42(a), which permits actions involving a common question of law or fact to be consolidated for trial. Thus, even though claims have been severed under Rule 21 they still may be consolidated for trial under Rule 42(a). Once a claim has been severed, however, it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken . . . . On the other hand, severance will be refused if the court believes that it will only result in delay, inconvenience, or added expense.

7 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1689 (3d ed. 2001). The

determination of a motion to sever is within the discretion of the court, *Bolling v. Mississippi Paper Co.*, 86 F.R.D. 6 (N.D. Miss.1979), and the court must exercise its discretion with an eye toward the most efficient management of the case. An order of severance would not further the interests of judicial economy in this case.

Nor are separate trials of the defendants necessary in order to protect against the prejudice that defendants claim they will suffer by the cumulative effect of evidence and testimony about the alleged racial discrimination. Rule 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

In their answer, the defendants commonly assert the defense that the employment decisions were based upon non-discriminatory factors, and the individual defendants claim immunity. There are indeed differences in the situations of the individual plaintiffs here, and defendants make much of the fact that Walton and McLellan continue to be employed by the school district at the same rate of pay, while Lum retired and Ryals opted to leave the district's employ rather than accept a transfer to position in a different location. Defendants also argue for separate trials because only two of the four plaintiffs assert claims under the Education Employment Procedures Law. Moreover, defendant Anderson is likely to assert the defense that he abstained from voting for or against Walton, and he voted in favor of Lum and Ryals at the April 14 meeting of the School Board. Nevertheless, the undersigned is not convinced that separate trials for some or all of the defendants are necessary. The court has the responsibility to oversee the admission of evidence

during trial as well as the duty to instruct the jury as to the claims of each plaintiff as to the appropriate defendants, at which point the burden of proof and production that every plaintiff carries will be made clear. For all these reasons, separate trials will not be "conducive to expedition and economy," Fed. R. Civ. P. 42(b), and the court shall deny the motion to sever the plaintiffs' claims and the alternative motion for separate trials.

It is, therefore,

**ORDERED:**

That the motion to sever and/or for separate trials is denied.

SO ORDERED, this the 13th day of May 2005.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE